IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

                    Plaintiff,

vs.                                        Case #08cv-0170-RLY-WGH

H. J. MARBERRY, WARDEN,
United States Penitentiary, Terre Haute, IN.        A M E N D E D
Sued in both her individual and
official capacities.                           C O M P L A I N T

&                                          W I T H   A   J U R Y

DIANA QUINONES, SUPERINTENDENT        T R I A L   D E M N A D
EDUCATION DEPARTMENT, United States
Penitentiary, Terre Haute, IN.
Sued in her individual capacity.

---

PRELIMINARY   STATEMENT

The Plaintiff Wesley I. Purkey (hereafter "Purkey"), a death row inmate housed on the Special Confinement Unit ("SCU") at the United States Penitentiary, Terre Haute, Indiana acting pro se brought a civil rights action pursuant to **Biven v. Six Unknown Named Agents of the Federal Bureau of Investigation, Infra.** In that action he sought redress and remedy for alleged proscriptions of his rights, privileges, and immunities secured to him under the First, Fifth, Sixth and Eighth Amendments to the United States Constitution, whereas such proscriptions were committed against him by the named defendants who were acting under color

1.

of federal authority at all time of the alleged constitutional deprivations. Further' Purkey sought declaratory judgments, injunctive relief and monetary damages.

Sua Sponte Order To Amend Complaint

Pursuant to the 'Obiter Dictum' in **George v. Smith,** 507 F.3d 605 (7th Cir. 2007) the Court through a sua sponte order, Doc. 5, Ordered Purkey to amend his petition in compliance with the applicable dictum presented through **George.** Id. at 607. In compliance with the court's sua sponte order, Purkey gruddingly and with grave aversion secedes those claims through this 'Amended Petition' that the court contends runs afoul to the obiter dictim in George.

## I.    Jurisdiction, Venue And Cause Of Actions

1.    This court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, inasmuch as it arises under the Constitution of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivations, under federal authority, of civil rights.

2.    Venue is proper in this district court pursuant to 28 U.S.C. § 1391.

3.    Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedures and 28 U.S.C. §§ 2201, 2202.

4.    Plaintiff brings this action pursuant to **Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation,** 403 U.S. 388 (1971) to redress the deprivations, under federal authority, of rights secured by the Constitution of the United States.

## II.    Identification of Parties

5.    Plaintiff Wesley I. Purkey is confined at the United States Penitentiary at Terre Haute, Indiana on the Special Confinement Unit ("SCU"). He is currently under a sentence of death. His mailing address is: United States

Penitentiary, P.O. Box 33, Terre Haute, Indiana 47808.

6.    Defendant H. J. Marberry is, the duly appointed 'Warden' who resides' over the 'Federal Complex' at the United States Penitentiary at Terre Haute, Indian, (hereafter "USP/TH"). She is sued in both her individual and official capacities.

7.    Defendant Diana Quinones is, the Superintendent of Education at USP/TH. She is being sued in her individual capacity.

8.    Both defendants can be served summons at: United States Penitentiary, 4700 Bureau Road, Terre Haute, Indiana 47801.

III.    Factual Allegations

First Cause Of Action

Denial Of Access To The Courts

9.    In February 2004 Purkey was transferred from the United States Penitentiary at Leavenworth, Kansas to the USP/TH. Immediately after arriving at USP/TH he sedulously and diligently sought access to the Kansas Rules of Civil Procedures, regarding two consolidated Civil Rights Actions actively pending in the United States District Court for the Eastern District of Kansas. He as well sought access to other Kansas legal materials concerning a habeas petition he had pending in the State Court, i.e. Wyandotte County Kansas, which the federal government had used against him as a statutory aggravator during his federal capital prosecution. The defendants denied Purkey access to any Kansas legal materials pursuant to applicable Bureau Of Prison Policy, Program Statement #1315.07/Legal Activities. A Copy of that BOP Policy is attached hereto for the Court's convenience.

10.    In redress for the denial of these Kansas legal materials Purkey sought resort through the applicable BOP Administrative Procedure in effort to obtain the

3.

necessary legal materials to continue in prosecuting these actions. <u>See Appendix (A) hereto attached.</u> The Warden clarifed through the applicable reponse that 'the facility is not required to provide any inmate with legal publications concerning specific state civil procedures'. <u>Id. Warden's Response.</u> The Warden in that response spuriously claimed that staff had tried to provide Purkey with the requested state law materials, but Purkey had refused such. Contrary to the Warden's contentions, Education Department Ms. Collins had offered Purkey at his cost approximately fifteen (15) pages of irrelevant materials of the Kansas Rule of Civil Procedures which he refused. Purkey had perspicuously told Ms. Collins and other administrative that he needed the sections of the local rules of the court, the Kansas Rules of Civil Procedures that dealt specifically with 'Summary Judgment Proceedings'. The sections Ms. Collins had offered to afford Purkey at his expense dealt with discovery proceedings which in no way, shape or form were germane to Summary Judgment Procedures. The BOP Regional Director and Central Office in their appeal responses merely adopted the Warden's Response. <u>Id.</u>

11. The defendants, more specifically defendant Quinones claimed that Purkey was required to take affirmative action if he wanted to secure state law materials. <u>See Appendix (B) hereto attached.</u> Because Purkey had absolutely no other options available to him – he acquiescence in asserting the steps the defendants held out. He contacted the Indiana School of Law, and after learning of Purkey's plight of trying to draft motions in opposition to defendants summary judgment pleadings in the two consolidated cases they agreed to benevolently send him a copy of the Kansas Rules of Civil Procedures.

Second Cause Of Action

<u>Defendant Quinones Retaliation For Purkey Utilizing Administrative Procedures</u>

12. Defendant Quinones confiscated this law book when it arrived at the facility, claiming that the seizure was based on BOP Policy, even though she was

4.

the administrative official who originally mandated that Purkey needed to take affirmative steps to obtain this very legal materials from the very source that it was obtained from.  The asserted Policy she claimed authorized her confiscation of this law book dealt specifically with 'Religious Materials' being donated, not law books that are mailed directly from the Indiana School of Law that she and the Warden designated and mandated that Purkey receive such state law materials from.  This confiscation was not authorized under BOP Policy, and was in close proximity with Purkey seeking redress against the education department regarding the facade of offering him useless legal materials under the guise of the offered legal materials being what Purkey had requested access to. Id.

<u>Because of the Denial and Confiscation of the needed State Law Legal
Purkey's Consolidated Cases Were Dismissed</u>

13.  The first of the two consolidated cases was originally filed in November 1999 and suffered sua sponte dismissal, <u>Purkey v. Green,</u> 99-cv-3356 (E.D.Kan.). On appeal, Case No. 00-3218 (10th Cir.) affirmed in part and reversed in part. <u>August 17th, 2001.</u> While the appeal was pending decision Purkey filed a second complaint regarding issues that occurred after filing his initial complaint while being held at the Wyandotte County Kansas Detention Center Pretrial i.e. <u>Purkey v. Green,</u> 01-3126 (E.D.Kan.).  On remand the district consolidated the two like cases and set a trial date after discovery proceedings and pretrial conferencing had occurred.  The defendants thereafter filed a substantial Motion For Summary Judgment and the district court advised Purkey that any response he provided would have to satisfy the local rules of the court, the Kansas Rules of Civil Procedures. Because the defendants ossifily refused to provide Purkey with such state legal materials, and for his failure to adhere appropriately with the local rules, the district court granted the defendants motion for summary jdugment.

14.  Purkey sought reconsideration for the judgment pursuant to Rule 59(e);

Fed.R.Civ.P. and the distrist court denied such without opinion.  Purkey then sought appellate review, whereas the Tenth Circuit affirmed on the same grounds the district court had asserted in granting the defendants summary judgment.  See Purkey v. Green, 10th Cir. No. 05-3126.  The Supreme Court denied Purkey's Certiorari on June 19th, 2006, Sup.Ct. No. 05A873.

Third Of Action

Denial Of Access To The Courts'

The BOP Policy Denying Purkey State Legal Materials

Is On It's Face Unconstitutional

15.   Under BOP Policy 28 U.S.C. §543.10 Purkey has and continues to suffer a insolido denial of access to State Law Legal Materials, including the Indiana Rules of Civil Procedures.  See Appx. C, p. 1.  Purkey contends that this 'sweeping' ban prohibiting him and all other inmates similarly situated access to State Law Legal Materials is facially unconstitutional because it is denying to meaninfully engage in constitutionally protected activities of 'Access To The Courts'.

16.   Although the applicable does have a tenuous alternative for gaining access to the State Law Legal Materials, inter alia, stating, "[A]n inmate may solicit or purchase legal materials from outside the institution. The inmate may receive the legal materials in accordance with the provisions on incoming publications or correspondence . . ." Id. at (10)(d)(1).  This is not a validate alternative to the Warden provide Purkey and other prisoners similarly situated with meaningful access to state law legal materials, when Purkey sought what he was supposedly authorized under the applicable policy defendant Quinones again 'confiscated' both the Indiana Rules of Civil Procedures and Rules of Appellate Procedures for the Seventh Circuit Court of Appeals.  See Appx. C. p. 1 & 2.

17.   There is no 'valid penological reason' the defendants have offered or could offer in justifying the sweeping prohibition denying Purkey and other prisoners

similarly situated of state law legal materials and reconcile it with a prisoners' fundamental constitutional rights of 'access to the courts'.

## RELIEF REQUESTED

WHEREFORE, Plaintiff request that the Court grant him the following relief:

A.    Issue a Declaratory Judgment stating that:

1.    That the BOP Policy/Inmates Legal Activities, Program Statement 1315.07, prohibiting Purkey and all of inmates similarly situated with access to state law legal materials is both facially unconstitutional, and as well as in application as set forth through the foregoing paragraphs.

2.    That defendants Marberry and Quinones violated Purkey's First Amendment Rights or 'Access To The Courts' in denying him access to Kansas Legal Materials he needed to present and prosecute litigation in the federal courts for the Eastern District of Kansas.  Whereas' Purkey suffer egregious consequences of the dismissal of two consolidated cases with extensive protracted procedural histories.

3.    Further' that the confiscation of the Kansas Law Legal Materials by defendant Quinones not only denied Purkey access to the courts, but was prohibited under the First Amendment because such confiscation was taken in retaliation for Purkey seeking redress through applicable administrative procedures for being denied access to state law legal materials.

B.    Issue an injunction ordering defendant Marberry and/or her agents to:

1.    Enjoining enforcement of BOP Policy, Program Statement 1315.07 inasmuch as denying Purkey and all other inmates similarly situated access to state law legal materials.  Finding it both to be facially unconstitutional, as well as in its' appliation.

C.    Award Compensatory Damages in the following Amounts:

1.    $150,000 jointly and severally against defendants Marberry and Quinones

for the violations set forth through paragraphs 9 thr 17.

D.    Award Punitive Damages in the following Amount

1.    $50,000 against defendant Quinones for her egregious and flagrant constitutionally proscribe retaliation taken against Purkey as described through paragraphs 12 thr 14.

E.    Grant Purkey an award of damages against the defendants for all cost incurred in prosecuting this action, as well as an award for reasonable attorney fees.

## Purkey's Prior Civil Litigation History

1.  Purkey v. Simmons, (10th Cir. No.#01-3269)(Dist.Court No. 00-3380-GTV)(E.D.Kan) (Dismissed Sua Sponte/Confirmed on Appeal).

2.  Purkey v. McMune, No. 00-cv-3218-GTV(E.D.Kan)(Voluntary Dismissed).

3.  Purkey v. McKune, 01-cv-3019-JML(E.D.Kan)(Settelement)

4.  Purkey v. Green, 99-cv-3019 (E.D.Kan)(sua sponte dismissed/reversed in part and affirmed in part/10th Cir. No. 00-3218/August 17, 2001).

5.  Purkey v. Green, No. 01-3126-JAR (E.D.Kan)(consolidated with Purkey v. Green, 99-cv-3356 on remand. As described through ¶ 14.

6.  Purkey v. CCA, No. 03-cv-3157 (E.D.Kan)(dismissed summary judgment/reversed on appeal (10th Cir. No. 06-3389/February 5, 2008(copy attached for the court's convenience)(now actively pending pretrial proceedings)(copy of that order attached as well for the convenience of the court)).

## The Plaintiff's Certification, Submission, and Jury Trial Request

The undersigned Wesley I. Purkey does hereby request trial by jury, and does hereby attest, under penalty of perjury, that the all the allegations and statements made in the foregoing are true and correct to the best of his knowledge and beliefs, and attest to such pursuant to 28 U.S.C. § 1746.  He does further submit thie petition signed by him on this 28th day of August, 2008.

8.

Dated:  August 28th, 2008.

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/Pro Se

9.